UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GIVIHAN,

    Plaintiff,

vs.

Case No: 19- cv
Hon.

JIAN LONG SHI and FUN BUS, INC.,

    Defendants.
_____/

DAVID E. CHRISTENSEN (P45374)
SARAH STEMPKY KIME (P74167)
THOMAS N. ECONOMY (P60307)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI  48033
(248) 213-4900/Fax (248) 213-4901
teconomy@davidchristensenlaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

    /s/THOMAS N. ECONOMY
    Thomas N. Economy P60307

The Plaintiff, Eric Givihan, by his attorneys, CHRISTENSEN LAW, states:

1.    The Plaintiff, Eric Givihan, is a resident of Kentwood, Kent County, Michigan.

2.    The Defendant, Jian Long Shi, is a citizen of New York and resides at 1042 116th Street, College Point in Flushing / Queens, New York, 11356.

3. The Defendant, Fun Bus, Inc., is a Massachusetts corporation that owned the vehicle operated by Defendant Jian Long Shi.

4. All parties are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars and therefore this Court has jurisdiction under diversity jurisdiction.  U.S.C. 1332.

## COUNT I

5. On or about October 22, 2017 at or about 11:07 a.m., the Plaintiff, Eric Givihan, was lawfully operating a 2015 Suzuki GSX-S750, license plate number 36JM7, northbound in the right-hand lane of S. Division near the intersection of Maplelawn in Kentwood, Kent County, Michigan.

6. At the same time and place, the Defendant, Jian Long Shi, was driving a 1998 Vanhool T2145, Massachusetts license plate number 93096, northtbound on Division near the intersection of Maplelawn and unlawfully attempted to turn right onto Maplelawn St. from the left-hand lane, causing a collision with Plaintiff who was lawfully in the right-hand lane.

7. At the time of this crash, Defendant, Jian Long Shi, was in the course and scope of his employment with Defendant, Fun Bus, Inc., which is liable under the doctrine of *respondeat superior.*

8. Defendant, Fun Bus, Inc., owned the vehicle that was negligently operated by Defendant, Jian Long Shi, and is therefore liable under the Michigan Owner's Liability Act.

9. At that time and place, the Defendant, Jian Long Shi, owed the Plaintiff, Eric Givihan, and the public the duty to obey and drive in conformity with the duties embodied in the Common Law, the Motor Vehicle Code of the State of Michigan, as amended, and the ordinances of Kentwood, Kent County, Michigan.

10. The Defendant, Jian Long Shi, did then and there display ordinary, gross, willful and wanton negligence and misconduct by attempting to make a right turn onto Maplelawn from the left lane of S. Division Avenue, striking the Plaintiff, Eric Givihan, who was lawfully travelling in the right lane adjacent to Defendant, causing serious injuries to the Plaintiff.

11. At that same time and place, Defendants, Jian Long Shi and Fun Bus, Inc., were guilty of ordinary, gross, willful and wanton negligence and misconduct as follows:

   A. In failing to keep a reasonable lookout for other persons and vehicles using the highway;

   B. In failing to have the vehicle equipped with proper brakes and/or failing to apply the brakes in time;

   C. In failing to drive with due care and caution;

   D. In failing to take all possible precautions to avoid any collision with other motor vehicles;

   E. In failing to make and/or renew observations of the conditions of traffic on the highway; and

   F. In failing to yield the right of way.

12. The Defendants, Jian Long Shi and Fun Bus, Inc. were further negligent in failing to obey and drive in conformity with the Common Law and the Motor Vehicle Code of the State of Michigan as amended and ordinances of Kentwood, Kent County, Michigan.

13. Among those Statutes the Defendants, Jian Long Shi and Fun Bus, Inc. violated include, but are not limited to the following:

   | M.C.L. | 257.626 | Reckless driving; |
   | M.C.L. | 257.626(b) | Careless or negligent driving; |
   | M.C.L. | 257.676(b) | Interference with the flow of traffic; |

|  |  |  |
|---|---|---|
| M.C.L. | 257697 | Signal devices; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; and |
| 49 C.F.R. |  | Motor Carrier Safety Act Code of Regulations. |

14. As a proximate cause of Defendants' negligence, the Plaintiff, Eric Givihan, was seriously injured and suffered a serious impairment of body function and/or permanent serious disfigurement as follows: traumatic brain injury, left rib fracture, right hand compartment syndrome right elbow tendon injury, crushed right little finger, right ankle injury and other injuries to his head, neck, shoulders, arms, knees, back, chest and to other parts of his body, externally and internally, and some or all of which interfere with his enjoyment of life and caused the Plaintiff, Eric Givihan, great pain and suffering.

15. As a proximate result of his injuries, the Plaintiff, Eric Givihan, suffered traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with his enjoyment of life, and more generally became sick and disabled, and some or all of his injuries, may be permanent in nature.

15. Should it be determined at the time of trial that the Plaintiff, Eric Givihan, was suffering from any pre-existing conditions, at the time of the crash, the negligence of the Defendants precipitated, exacerbated and aggravated any such pre-existing conditions.

16. The Plaintiff, Eric Givihan, claims all non-economic damages for the serious impairment of a body function and/or permanent disfigurement as more clearly set out above.

WHEREFORE, the Plaintiff, Eric Givihan, asks for a judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT II

The Plaintiff, Eric Givihan, adds Count II as follows:

16. All paragraphs are repeated.

17. The Plaintiff, Eric Givihan, claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

18. The Plaintiff, Eric Givihan, claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

WHEREFORE, the Plaintiff, Eric Givihan, asks for a judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT III

The Plaintiff, Eric Givihan, adds a Count III as follows:

19. All paragraphs are repeated.

20. The Defendant, Fun Bus Inc., carelessly, recklessly and negligently entrusted their motor vehicle and its operation to the Defendant, Jian Long Shi, who is incompetent and unfit to drive a motor vehicle on the highways in Michigan by reason of inability, inexperience and consistently negligent driving, all of which were known by the Defendant, Fun Bus, Inc., or should have been known in the exercise of reasonable care and caution so that the Defendant, Fun Bus, Inc., is guilty of negligence independent of the Defendant, Jian Long Shi.

WHEREFORE, the Plaintiff, Eric Givihan, asks for a judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT IV

The Plaintiff, Eric Givihan, adds Count IV as follows:

21. All paragraphs are repeated.

22. The Defendant, Fun Bus, Inc., is the employer of the Defendant, Jian Long Shi, who was acting within the course and scope of his employment at the time of the accident.

23. In addition to the allegations set out in Count I, the Defendant, Fun Bus, Inc. is liable for the Defendant, Jian Long Shi's negligence under the doctrine of Respondeat Superior.

24. As a proximate cause of the Defendants' negligence, the Plaintiff, Eric Givihan, was seriously injured as set out in Count I.

WHEREFORE, the Plaintiff, Eric Givihan, asks for a judgment for whatever amount he is found to be entitled, plus court costs, interest and attorney fees from the date of the filing of this complaint.

## COUNT V

The Plaintiff, Eric Givihan, adds Count V as follows:

25. All paragraphs are repeated.

26. There existed a written equipment and services lease agreement between the Defendant, Fun Bus, Inc. and the Defendant, Jian Long Shi.

27. The written lease agreement between the Defendants, Fun Bus, Inc., and Jian Long Shi, imposes lessor/lessee statutory liability upon the Defendants and includes provisions providing the basis for potential liability under "statutory employee" and/or "statutory owner" doctrines of liability under the United States Code and Code of Federal Regulations.

28. The equipment and services lease agreement includes the leased vehicle involved in the motor vehicle accident of October 22, 2017.

29. In addition to the allegations set out in the above Counts, the Defendant, Fun Bus, Inc., is liable for the negligence of the Defendant, Eric Givihan, under statutory employee and/or statutory owner doctrines of liability.

30. In addition to the allegations set out in the above Counts, the Defendant, Fun Bus, Inc., is liable for the negligence of the Defendant, Jian Long Shi, under the Motor Carrier Safety Act, Title 49 of the Code of Federal Regulations.

31. In addition to the allegations set out in the above Counts, the Defendant, Fun Bus, Inc., is liable for the negligence of the Defendant, Jian Long Shi, under M.C.L. 257.401, Owner Liability and M.C.L. 480.11 et seq. Michigan's Motor Carrier Safety Act of 1963.

32. The Defendant, Fun Bus, Inc., was negligent in its supervision of the Defendant, Jian Long Shi.

33. The negligence of the Defendant, Fun Bus, Inc., in directing, instructing, and supervising the Defendant, Jian Long Shi, was a cause of the collision.

34. The Defendant, Fun Bus, Inc., negligently entrusted the Defendant, Jian Long Shi, with the vehicle owned by Fun Bus, Inc.

35. As a proximate result of the negligence of the Defendant, Fun Bus, Inc., the Plaintiff, Eric Givihan, was seriously injured as outlined in Count I.

WHEREFORE, the Plaintiff, Eric Givihan, asks for a judgment for whatever amount he is found to be entitled to, plus court costs, attorney fees and interest from the date of the filing of this complaint.

CHRISTENSEN LAW,

BY: /s/THOMAS N. ECONOMY
THOMAS N. ECONOMY (P60703)
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
(248) 213-4900/Fax (248) 213-4901
teconomy@davidchristensenlaw.com

Dated: April 11, 2019

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIC GIVIHAN,

      Plaintiff,

                                     Case No: 19- cv

vs.                                          Hon.

JIAN LONG SHI and FUN BUS, INC.,

      Defendants.

_____/

DAVID E. CHRISTENSEN (P45374)
THOMAS N. ECONOMY (P60307)
CHRISTENSEN LAW
Attorneys for Plaintiff
25925 Telegraph Road, Suite 200
Southfield, MI  48033
(248) 213-4900/Fax (248) 213-4901
teconomy@davidchristensenlaw.com


_____/

## **DEMAND FOR JURY TRIAL**

      NOW COMES the Plaintiff, Eric Givihan, by his attorneys, CHRISTENSEN LAW, and hereby demands a trial by jury.

                                               CHRISTENSEN LAW,


                                       BY:/s/THOMAS N. ECONOMY
                                         THOMAS N. ECONOMY (60307)
                                         Attorneys for Plaintiff
                                         25925 Telegraph Road, Suite 200
                                         (248) 213-4900/Fax (248) 213-4901
                                         teconomy@davidchristensenlaw.com

Dated:  April 11, 2019